IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RAJ K. PATEL,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Case No. 23-cv-00318-DKW-KJM<br><br>**ORDER DENYING AS-CONSTRUED MOTION FOR RECONSIDERATION**[1] |

On August 8, 2023, the Court dismissed this action without leave to amend because Plaintiff Raj K. Patel's petitions for writ of mandamus did nothing more than make a series of wild and unhinged allegations that had no place in this Court. Dkt. No. 10. Later the same day, Patel filed an almost carbon copy of his earlier petitions, Dkt. No. 12, which the Court liberally construes as a motion for reconsideration.[2] Construed as such, the motion for reconsideration is DENIED.

A motion for reconsideration filed less than 28 days after the entry of judgment is construed under Rule 59(e) of the Federal Rules of Civil Procedure.

---

[1] The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

[2] To the extent Patel intended the motion for reconsideration to be an amended petition for writ of mandamus, which is how the document is titled, Dkt. No. 12 at 1, the Court did not permit Patel to file an amended petition, and the motion for reconsideration gives the Court no cause to believe that decision was unjust.

Fed.R.Civ.P. 59(e).

> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

Here, as mentioned, the motion for reconsideration is largely a regurgitation of Patel's earlier wild and unhinged allegations. Given that the Court has already dismissed those allegations as a basis for this proceeding to continue, they provide no cause for reconsideration. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (concluding that the district court did not abuse its discretion in denying a motion for reconsideration because the plaintiffs "presented no arguments which the court had not already considered and rejected.").

Near the end of the motion for reconsideration, Patel also contends that he is "not only an upstanding statesman but also carries the title THE EXCELLENT THE EXCELLENT that obliges the court to take his word at the heaviest weight. Dkt. No. 12 at 22 (emphasis in original). The Court is not obliged to do any such thing and, in fact, declines to do so. Patel further asks this Court to allow "jurisdictional discovery" or "switch to the inquisitorial model…." *Id*. at 23

(footnote omitted). The Court will do neither. Patel also contends that this Court should have given him a "reasonable opportunity" to provide support for his allegations. *Id*. The law, however, requires no such thing under the circumstances here. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quotation omitted); Fed.R.Civ.P. 8(a).

The as-construed motion for reconsideration (Dkt. No. 12) is, therefore, DENIED.

IT IS SO ORDERED.

Dated: August 11, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Patel v. The United States*, Case No. 23-cv-00318-DKW-KJM; **ORDER DENYING AS-CONSTRUED MOTION FOR RECONSIDERATION**